UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
ALROY RICHARDS,

                Plaintiff,

         - against -

DOCKET ALARM and MICHAEL
SANDER, or Managing Director/Owner of
Successor,

               Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-6289 (PKC) (RMC)

PAMELA K. CHEN, United States District Judge:

    Plaintiff Alroy Richards, proceeding *pro se*, filed this action on November 10, 2021. Plaintiff's Complaint alleges that Defendants—a private company and one of its employees—harmed Plaintiff by posting links to publicly available dockets containing Plaintiff's sensitive personal information. Plaintiff asserts diversity jurisdiction under 28 U.S.C. § 1332 for a state law claim of "tort negligence," and also cites to the "Electronic Communications Privacy Act (ECPA) of 1986," the "Federal Trade Commission Act (FTCA) of 1914," and the "Data Protection Act (1998)." Plaintiff also requests to proceed *in forma pauperis* under 28 U.S.C. § 1915.

    Plaintiff's request to proceed *in forma pauperis* is GRANTED. However, for the reasons explained below, the current Complaint is dismissed—with leave to amend—for failing to establish subject matter jurisdiction. Plaintiff will have until January 7, 2022 to file an amended complaint.

## BACKGROUND

    Plaintiff alleges that Defendants posted his personal information, including his social security number, medical records, date of birth, contact information, and signature "over the

1

internet and Dark Web." (Dkt. 1 at ECF 5.[1]) The following factual allegations are taken from the complaint and attached exhibits:

(1) Plaintiff previously filed prior claims and lawsuits in New York State agencies and courts and in this Court. (Dkt. 1-2 at ECF 1; *see Richards v. Allied Universal Security et al*, 19-CV-2043 (E.D.N.Y. May 3, 2019) (PKC) (RML); *Richards v. New York City Health & Hospitals Corp. et al.*, 21-CV-6027 (E.D.N.Y. Nov. 30, 2021). In the course of the litigation, Plaintiff submitted materials to the courts and "information [was] exchanged, to the parties, in Discovery processes." (Dkt. 1-2 at ECF 1.)

(2) Defendant Docket Alarm provided links to publicly available dockets on its own website and offered its docket monitoring and other services to Plaintiff. (*Id.* at ECF 9–10.) Defendant Michael Sander, an employee of Docket Alarm, described the company as "a docket research platform that can also manage your litigation deadlines." (*Id.* at ECF 9.)

(3) Plaintiff received an alert from credit-reporting agency Experian that it had found "567 million new records" on the Dark Web in September 2019. (*Id.* at ECF 2, 20; Dkt. 1 at ECF 5, 9.) Plaintiff submitted a screenshot of the alert that does not indicate what those records included. (Dkt. 1-2 at ECF 20.)

(4) Plaintiff also received "new identity alerts" from McAffee Protection. (Dkt. 1 at ECF 8; Dkt. 1-2 at ECF 4–8.) The screenshots he submitted do not indicate what the alerts revealed. (Dkt. 1-2 at ECF 4–8.)

(5) Plaintiff requested that Docket Alarm remove his personal information from its website. (Dkt. 1 at ECF 5; Dkt. 1-2 at ECF 2, 19, 22, 31–32.)

(6) Docket Alarm notified Plaintiff that it had "suppressed the requested link." (Dkt. 1-2 at ECF 15–18.) Plaintiff states that the information was removed "after more than three (3) weeks." (Dkt. 1-2 at ECF 2.)

(7) Plaintiff expressed his concern about "attempts by unscrupulous persons to impersonate, nefarious use of identity info, and other security concerns." (Dkt. 1 at ECF 5; Dkt. 1-2 at ECF 12, 19, 22, 31–32.) He does not allege that any of these things happened to him. He states that he is an "extremely high risk person" (Dkt. 1 at ECF 9) and that he is "being followed 24/7 by 'unknown persons'" (Dkt. 1-2 at ECF 22).

---

[1] Dkt. 1 contains a Complaint and an "Affidavit in Support of Complaint." The Court refers to both by docket number. Plaintiff also included a series of exhibits at Dkt. 1-2, which the Court also references collectively by docket number. Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

(8)     Plaintiff filed a complaint with the U.S. Department of Health and Human Services, Office for Civil Rights, alleging violations of his rights under the Health Insurance Portability and Accountability Act. The agency sent him a letter, dated December 4, 2020, declining to take further action after review and closing the case. (*Id.* at ECF 24–25.) Plaintiff also attaches a letter addressed to the New York State Office of the Inspector General. (*Id.* at ECF 1-2.)

(9)     Plaintiff alleges that Defendants' prior publication of links to his litigation information constitutes harassment and "menacing behavior" (Dkt. 1 at ECF 7) and caused him anxiety, depression, and distress (*id.*; Dkt. 1-2 at ECF 32).

(10)     Plaintiff filed this lawsuit alleging diversity jurisdiction over his state law claim for "tort negligence." (Dkt. 1 at ECF 4–5.) He also cites to the "Electronic Communications Privacy Act (ECPA) of 1986," the "Federal Trade Commission Act (FTCA) of 1914," and the "Data Protection Act (1998)." (Dkt. 1 at ECF 9.)

## LEGAL STANDARDS

Because Plaintiff is proceeding *pro se,* his complaint is held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and the Court is obliged to construe the pleadings liberally and to interpret them as raising the strongest arguments they suggest, *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft*, 556 U.S. at 662 (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action or claims where the court is satisfied that the claim "(i) is frivolous or malicious; (ii) fails to state a claim on

which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only where an action arises under federal law, 28 U.S.C. § 1331 ("federal question jurisdiction"), or when plaintiff and defendant(s) are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332 ("diversity jurisdiction").

To establish diversity jurisdiction, the plaintiff must show that the plaintiff and the defendant(s) have complete diversity of citizenship, which means that all of the defendants must live in a different state than the plaintiff. To meet the jurisdictional amount, the party claiming diversity jurisdiction "has the burden of proving that it appears to a reasonable probability" that the plaintiff actually could receive damages greater than $75,000. *Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co. of Chicago*, 93 F.3d 1064, 1070 (2d Cir. 1996) (internal quotation marks omitted); *see also Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) ("[W]ith mounting federal case loads, it has become doubly important that the district courts take measures to discover those suits which do not belong in a federal court and to dismiss them when the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount." (internal ellipsis and brackets omitted)).

## DISCUSSION

I. **Jurisdiction**

Plaintiff's Complaint fails to raise a "federal question" under 28 U.S.C. § 1331 or establish diversity jurisdiction under 28 U.S.C. § 1332. As to federal question jurisdiction, Plaintiff does not state a claim under any of the federal laws to which he cites. First, the Electronic Communications Privacy Act is a federal criminal statute related to wiretapping and other surveillance activities of electronic communications. *See* 18 U.S.C. § 2510 *et seq.* Nothing in Plaintiff's complaint suggests any claim under that statute. Second, the Federal Trade Commission Act prohibits unfair or deceptive acts or practices affecting commerce, but its provisions are enforced by the Federal Trade Commission, not by private lawsuits. *See* 15 U.S.C. § 45; *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978) ("[I]t is clear that no private right of action arises under [the FTCA]."). Third and finally, the Data Protection Act of 1998 was enacted in the United Kingdom and has no relevance to activities within the United States. Plaintiff's Complaint does not suggest any other federal law that could serve as the basis for federal question jurisdiction.

As to diversity jurisdiction, Plaintiff alleges that (1) he is a resident of New York, (2) both Defendants reside in Washington D.C., and (3) Plaintiff has suffered $1 million in damages. However, Plaintiff has not shown a "reasonable probability" that he could actually recover damages greater than $75,000. *Chase Manhattan Bank*, 93 F.3d at 1070 (internal quotation marks omitted). His only claim against Defendants is that they posted links to the publicly available dockets in civil litigation in which Plaintiff is or was a party. Plaintiff's own allegations state that Defendants removed the information at his request. Plaintiff has not shown that Defendants were negligent or caused him any harm. He expresses concern about identify theft and asserts that he is at an especially high risk, because he is "being followed 24/7 by 'unknown persons.'" However,

5

he has not indicated that he was the victim of identity theft or other financial crimes, and he does not allege that Defendants are in any way responsible for the "unknown persons" he believes to be following him. As pleaded in this Complaint, the Court is not satisfied that it is "reasonably probabl[e]" that Plaintiff can recover more than $75,000 in connection with this claim. *Id.* (internal quotation marks omitted). Accordingly, Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction.

## II.     Leave to Amend

Even where a complaint fails to raise a reasonable probability that the plaintiff can recover more than $75,000, before concluding that the amount in controversy requirement has not—in fact—been met, the Court "must afford the plaintiff an appropriate and reasonable opportunity to show good faith in believing that a recovery in excess of the jurisdictional amount is reasonably possible." *Id.* (internal quotation marks omitted).

Accordingly, Plaintiff is granted leave to amend his complaint. Plaintiff shall have thirty (30) days from the date of this Memorandum & Order to file an amended complaint that adequately establishes jurisdiction. Plaintiff is advised that an amended complaint completely replaces the original complaint, so Plaintiff must include in the amended complaint all the necessary information to support his claims. In addition, the amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Memorandum & Order.

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff's Complaint (Dkt. 1) is DISMISSED for failing to establish subject matter jurisdiction. Plaintiff is granted leave to amend, but must do so within thirty (30) days. If Plaintiff fails to file an amended complaint by January 7, 2022, the case will be dismissed without prejudice and judgment will be entered against Plaintiff. All further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant

to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444–45 (1962).

        SO ORDERED.

        */s/ Pamela K. Chen*
        Pamela K. Chen
        United States District Judge

Dated: December 7, 2021
       Brooklyn, New York